```
                                                                          C/M
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                     :

ELPIDIO RIVERA,                                           :

                                                    Plaintiff,      :    **MEMORANDUM**
                                                                       :    **DECISION AND ORDER**
               - against -                        :
                                                                       :    18-cv-1084 (BMC)

COMMISSIONER OF SOCIAL SECURITY,  :

                                                 Defendant.     :
------------------------------------------------------------- X

**COGAN**, District Judge.

      1.      Plaintiff *pro se* seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he is not disabled for the purpose of receiving disability insurance benefits pursuant to Title II of the Social Security Act. The ALJ found that plaintiff has severe impairments of post-surgical complications in his right wrist from a torn ligament, including osteoarthritis; degenerative disc disease in his lumbar spine; and obesity. Nevertheless, the ALJ found that, despite these impairments, plaintiff had sufficient residual functional capacity to perform sedentary work, subject to some restrictions, including limitations on the use of his right hand.

      2.      Plaintiff has not opposed the Commissioner's motion for judgment on the pleadings, but in light of his *pro se* status, I have reviewed the record for the strongest arguments that he might make. In such a review proceeding, however, the issue is not whether the ALJ was right or wrong. Instead, the issue is whether there is substantial evidence to support the ALJ's

view that plaintiff is not disabled, even if I might have decided otherwise. In other words, absent legal error, the law requires me to give considerable deference to the findings of the ALJ.

3. The primary issue with plaintiff's appeal is the dearth of medical records during his insured period (the alleged onset date, October 21, 2010, through the date last insured, December 31, 2015). This does not preclude a finding of disability, as pre-insured period or post-insured period records could be relevant to show the degree of his impairment during the insured period. But here, the ALJ had sufficient reason to conclude that those records were not sufficient to demonstrate disability.

4. Plaintiff's wrist condition is obviously problematic, and the effects are still lingering. He tore the ligament joining his carpal bones in his right wrist while he was a police officer, during the apprehension of a suspect in 2008. His wrist was surgically repaired in a fusion procedure in 2009 but became badly infected and required additional procedures. By the time of plaintiff's alleged onset date, or at least early in the insured period, however, he had reached maximum cure, subject to having another wrist fusion procedure. Plaintiff understandably does not want to have this procedure, but the ALJ had a sound basis to conclude that the resultant condition did not so limit plaintiff's functional capacity that he could not perform a sedentary job (even without the additional procedure).

5. Plaintiff continues to complain of pain in his wrist, and there is no dispute that he has little or no range of motion and some amount of pain. But there has been no further treatment for his wrist since 2009 except for pain medication. Although plaintiff's treating physician, internist/gastroenterologist Dr. David Klug, stated that plaintiff is "one-handed," that is just not accurate based on plaintiff's own description of what he does with his right hand. Not only can plaintiff lift a few pounds with it, but he also uses it to stabilize objects and allow for

manipulation with his left hand. For example, plaintiff buttons with his left hand while holding the placket with his right. Although plaintiff did testify that he gets pain during the night that wakes him up and thus makes it harder for him to concentrate during the day, there is no reference to any loss of focus in the medical records, and trouble sleeping is hardly a disqualifier from sedentary work. Generally speaking, carpal pain is a disqualifier from heavy labor, but rarely from sedentary work.

6. The other, and more difficult issue in this case, is whether plaintiff's back problems prevent him from doing sedentary work. Although those problems arose late in his insured period – plaintiff did not seek treatment for them until March 2014 – they are well documented by the medical records. Indeed, plaintiff's back problems were the primary reason that he started seeing Dr. Klug. Plaintiff's lumbar MRI shows, among other things, severe disc narrowing in his lower back, herniated discs, and moderate to severe stenosis on his right side (where he complains of radiculitis). And plaintiff's obesity (approximately 300 lbs. at 5'10") aggravates his back condition, as the ALJ recognized.

7. The obstacle that neither the ALJ nor I can overcome on this record is Dr. Klug's view, expressed in a residual function questionnaire, that plaintiff has no restriction in sitting. Moreover, Dr. Klug reported that plaintiff was able to walk, shop, do house-hold chores, drive, and socialize. That means plaintiff can do sedentary work with some restrictions – or, as the ALJ phrased it, "less than sedentary work." In other words, plaintiff can do sedentary work (1) in which he would never be called upon to use push or pull handles with his right hand; (2) that requires only occasional use of his right hand and fingers; (3) that does not require motor vehicle or heavy machinery operations; (4) that requires only occasional climbing of ramps or stairs and no ropes, ladders, or scaffolds; and (5) that only requires occasional stopping, kneeling, and

3

crouching, without ever crawling. Since the vocational expert testified that there are such jobs in the national economy, there is substantial evidence to support the ALJ's conclusion. The ALJ did not discount Dr. Klug's opinion because it leaned too much in favor of a finding of disability; rather, the ALJ discounted the opinion because it did not lean far enough, arguably allowing for sedentary work with no restrictions.

8. I have reviewed the record for any evidence that overcomes the opinion of plaintiff's treating internist. The records of plaintiff's physical therapy sessions at Beach Medical Rehabilitation, PC, under the supervision of board-certified physiatrist Dr. John J. McGee, warrant consideration. Plaintiff received this therapy late in his claimed period of disability, starting in May 2015 and continuing past his date last insured into 2016. Dr. McGee disagreed with Dr. Klug's assessment that plaintiff had no restriction in activities of daily living, but Dr. McGee was not specific as to what restrictions plaintiff had.

9. That is the problem with the records from Beach Medical: they are not specific. Dr. McGee, who apparently saw plaintiff about every month or six weeks, completed a number of functional assessment forms generated on a template used in his practice. Each was entitled "Letter of Disability." However, Dr. McGee ignored the specific checkbox options contained on each of the forms – *e.g.*, "No Heavy or repetitive lifting (More than __ lbs. Occasionally and __ lbs. Frequently)" or "No prolonged sitting (more than __ lbs. Hours continuously and __ hours per day)." The only diagnosis listed was "lumbar strain" (except for one which stated, "lumbar spine acute fracture," which there is nothing in the record to support, and one which simply says, "lumbar spine"), even though the treatment notes give more detailed secondary and tertiary diagnoses like radiculopathy.

10. For the level of impairment, Dr. McGee checked "totally disabled, unable to work at this time." But as the ALJ noted, that is not a helpful statement in determining plaintiff's residual functional capacity, as it is a conclusion that only the ALJ can determine. It does not constitute sufficient countervailing evidence to overcome the opinion of Dr. Klug and the other evidence in the record indicating that plaintiff can do sedentary, albeit restricted, work.

11. Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and the case is dismissed.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 26, 2018